IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **FRANCES DEFENDORF, as the Guardian of LINDSAY PIKE,**       **Plaintiff,** **v.** **IRONVILLE RAIL & TRANSFER, LLC, AND TREY WILSON,**       **Defendants.** | **Civil Action No. 4:20-CV-79-MHC** |

## PLAINTIFF AND USAA'S CONSENT MOTION FOR ORDER TO DISMISS LAWSUIT WITHOUT PREJUDICE

COMES NOW Plaintiff and Unnamed Uninsured Motorist Carrier USAA Casualty Insurance, by and through the undersigned counsel, and hereby request that the Court dismiss this lawsuit without prejudice. This Motion is being filed because Plaintiff settled her claims with Defendants pursuant to a Limited Liability Release that required her to dismiss the claims pursuant to a stipulation of dismissal. Nevertheless, Ironville has declined to consent to the stipulation of dismissal required by the Settlement Agreement and has requested that the cross-claim be severed.

In particular, paragraph Nine of the Settlement Agreement and Limited Liability Release signed by Plaintiff on October 12, 2020 states:

> The parties acknowledge that as a Limited Release, Plaintiff cannot dismiss her action unless and until she has exhausted all available uninsured motorist coverage. The parties agree that, upon the uninsured motorist coverage being exhausted through a settlement with the uninsured motorist carriers, Plaintiff will file a stipulation of dismissal without prejudice duly executed by such attorney(s) on behalf of the Plaintiff.

(See Settlement Agreement and Limited Liability Release, attached as Exhibit A.) USAA, Plaintiff's UM carrier, has tendered its policy limits and no other uninsured or underinsured coverage is available to Plaintiff.[1]

Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), Plaintiff has attempted to file the stipulation of dismissal signed by all the parties who have appeared, as required by the Settlement Agreement. Plaintiff has requested that Ironville's counsel sign off on the stipulation of dismissal but has been unable to secure counsel's consent. Accordingly, the Plaintiff and Unnamed Uninsured Motorist Carrier USAA Casualty Insurance Company request that the Court enter

---

[1] The reason the Settlement Agreement states that the dismissal would be without prejudice is because under Georgia law an uninsured motorist carrier has a subrogation claim against the tortfeasor whose negligence caused the damages that resulted in the uninsured motorist carrier's payment obligations. *See* O.C.G.A. § 33-7-11(f). A dismissal without prejudice was necessary to preserve USAA's cross-claim for subrogation as a dismissal with prejudice of the action would have resulted in them being precluded from bringing the subrogation claim in a subsequent action.

an Order dismissing this cause of action without prejudice pursuant to Federal Rule of Civil Procedure 41(2).

Respectfully submitted this 9th day of December, 2020.

**CONSENTED TO BY:**

By: */s/Darl H. Champion, Jr.*
Darl H. Champion, Jr.
Georgia Bar No. 910007
champ@thechampionfirm.com
Morgyn Graber
Georgia Bar No. 334671
morgyn@thechampionfirm.com
The Champion Firm, P.C.
445 Franklin Gateway, SE Suite 100
Marietta, Georgia 30067
(404) 596-8044 (phone)

*Counsel for Plaintiff*

By: */s/David A. Olson*
David A. Olson
Georgia Bar No. 287506
dolson@fainmajor.com
One Premier Plaza Suite 900
5605 Glenridge Drive NE
Atlanta, GA 30342
(404) 688-6633

*Counsel for USAA Casualty Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the foregoing to all counsel of record via the Court's CM/ECF system as follows:

Dara D. Mann
Deborah Lempogo
Squire Patton Boggs, LLP
Dara.mann@squirepb.com
Deborah.lempogo@squirepb.com

Warner Fox
Hawkins Parnell & Young
wfox@hpylaw.com

This 9th day of December 2020.

/s /Darl H. Champion, Jr.
Darl H. Champion, Jr.